# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JONATHAN TORRES BONILLA,      :

         :

        Petitioner,      :      Civ. No. 21-10637 (RBK)

         :

       v.      :

         :

DAVID E. ORTIZ,      :      **OPINION**

         :

        Respondent.      :

         :

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner, an inmate formerly incarcerated at FCI Fort Dix, in Fort Dix, New Jersey, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Court has examined the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b). For the following reasons, the Court will dismiss the Petition for lack of jurisdiction without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court.

## I. BACKGROUND

The Court will construe the factual allegations in the Petition as true for the purpose of this Opinion. The Court gleans from the limited allegations that in April of 2020, staff at Fort Dix called an emergency count, *i.e.*, a count of the inmates, at 8:40 a.m. (ECF No. 1, at 6.) Typically, counts are on Sundays at 10:00 a.m., and staff failed to distribute a memorandum regarding the new counts. (*Id*. at 11.) It appears that Petitioner failed to stand count because he did not have enough time to get out of bed. (*Id*. )

Rather than charge Petitioner with a Code 320 for failing to stand count, an officer incorrectly charged Petitioner with a Code 321 for interfering with the count. (*Id*.) Petitioner

attempted to appeal, but due to staff delays, his time to appeal expired. Afterwards, the Bureau of Prisons' Regional and Central Offices rejected Petitioner's appeals as untimely.

As a result of the incident report, Petitioner lost thirty days of access to the prison's Trust Fund Limited Inmate Computer System ("TRULINCS") and gained four custody level points. TRULINCS provides prisoners with, among other things, some e-mail capabilities. It appears that the incident report did not result in the loss of good-time credits.

Petitioner filed the instant Petition in April of 2021. In terms of relief, Petitioner seeks expungement of the incident report and the removal of four custody level points from his file.

## II.    DISCUSSION

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

Under § 2241(c)(3), "[t]he writ of habeas corpus shall not extend to a prisoner unless . . .. He is in custody in violation of the Constitution or laws or treaties of the United States." In other words, a petitioner must satisfy: "the status requirement that the person be 'in custody,' and the substance requirement that the petition challenge the legality of that custody on the ground that it is 'in violation of the Constitution or laws or treaties of the United States.'" *See, e.g.*, *Wilson v. Montgomery Cty., Pa.*, No. 09-0371, 2009 WL 1322362, at *4 (D.N.J. May 12, 2009) (quoting 28 U.S.C. § 2241(c)(3)) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989)).

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted). "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action . . . is properly brought under § 1983" or a *Bivens* action. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

With those principles in mind, the Court finds that Petitioner's claims related to his incident report do not sound in habeas. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Petitioner's challenges to his incident report, however, do not challenge the fact or duration of his custody, *i.e.*, his *conviction or sentence*, as unconstitutional.

Petitioner's sanction did not involve the loss of good-time credits, and consequently, the Petition merely challenges the loss of TRULINCS access, his custody level, and the existence of a sanction on his record, which are circumstances of his confinement. *Cf.*, *Beckley v. Miner*, 125 F. App'x 385, 388 (3d Cir. 2005).

Stated differently, because a ruling in Petitioner's favor, such as finding that staff violated his due process rights, removing the custody level points, or expunging his disciplinary record "would not alter his sentence or undo his conviction," he cannot proceed by habeas petition. *Leamer*, 288 F.3d at 542; *see, e.g., Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) (explaining that courts should not engage in habeas corpus review of custody classification claims because they do not challenge the validity of a conviction or the length of one's confinement).

With regard to Petitioner's custody level, the Court adds that "prisoners have no constitutional right to a particular classification." *Briley v. Attorney Gen. U.S.*, 632 F. App'x 84,

85 (3d Cir. 2016) (per curiam). Challenges to a person's security designation or custody classification "do not challenge the basic fact or duration of [one's] imprisonment, which is the 'essence of habeas.'" *Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010) (per curiam) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). As a result, this Court lacks jurisdiction under § 2241 to hear Petitioner's custody level related claims.

Accordingly, the Court will dismiss the Petition for lack of jurisdiction, without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court.

This Court will not, however, *sua sponte* recharacterize the Petition as a civil complaint, as there are meaningful differences between the filing of a habeas petition and a civil complaint. The filing fee for a habeas petition is $5.00, and inmates who receive *in forma pauperis* status do not have to pay the filing fee. *Dixon v. Zickefoose*, No. 12-2320, 2012 WL 4845661, at *2 n.1 (D.N.J. Oct. 10, 2012) (citing *Santana v. United States*, 98 F.3d 752 (3d Cir. 1996)). In contrast, the filing and administrative fees for a civil complaint total $402.00, but inmates who proceed *in forma pauperis* are required to pay the $350.00 filing fee from their inmate accounts in monthly installments. *Id.* (citing 28 U.S.C. § 1915(b)). Additionally,

> if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury.

*Id.* (citing 28 U.S.C. § 1915(g)).  In light of these differences, the "Court will not *sua sponte* re-characterize this pleading as a civil complaint." *E.g. id.*; *see also Lappin*, 402 F. App'x at 676.

### III.    CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court.  An appropriate Order follows.


Dated:  June  16  , 2021                                         s/Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge