## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

JONATHAN TORRES-BONILLA,  :
          :
    Petitioner,   :  Civ. No. 21-10637 (RBK)
          :
  v.        :
          :
DAVID E. ORTIZ,    :  **OPINION**
          :
    Respondent.  :

---

**ROBERT B. KUGLER, U.S.D.J.**

### I.  INTRODUCTION

Petitioner, Jonathan Torres-Bonilla ("Petitioner" or "Bonilla"), is a federal prisoner formerly incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On June 30, 2021, this Court summarily dismissed Petitioner's habeas petition due to a lack of jurisdiction. (*See* Dkt. Nos. 5 & 6). On September 7, 2021, Petitioner filed a motion for reconsideration. (*See* Dkt. No. 7). The Clerk shall reopen this action so that Petitioner's motion for reconsideration can be analyzed. For the following reasons, Petitioner's motion for reconsideration is denied.

### II.  FACTUAL AND PROCEDURAL BACKGROUND

This Court laid out the factual underpinnings of Petitioner's habeas petition in its previous opinion as follows:

> [I]n April of 2020, staff at Fort Dix called an emergency count, *i.e.*, a count of the inmates, at 8:40 a.m. (ECF No. 1, at 6.) Typically, counts are on Sundays at 10:00 a.m., and staff failed to distribute a memorandum regarding the new counts. (*Id.* at 11.) It appears that Petitioner failed to stand count because he did not have enough time to get out of bed. (*Id.*)

Rather than charge Petitioner with a Code 320 for failing to stand count, an officer incorrectly charged Petitioner with a Code 321 for interfering with the count. (*Id*.) Petitioner attempted to appeal, but due to staff delays, his time to appeal expired. Afterwards, the Bureau of Prisons' Regional and Central Offices rejected Petitioner's appeals as untimely.

As a result of the incident report, Petitioner lost thirty days of access to the prison's Trust Fund Limited Inmate Computer System ("TRULINCS") and gained four custody level points. TRULINCS provides prisoners with, among other things, some e-mail capabilities. It appears that the incident report did not result in the loss of good-time credits.

(Dkt. No. 5 at 1-2). Petitioner filed his habeas petition in this Court seeking expungement of the

incident report and the removal of four custody level points from his file.

In June, 2021, this Court summarily dismissed the habeas petition at screening due to a

lack of jurisdiction. (*See* Dkt. Nos. 5 & 6). This Court found as follows:

Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted). "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action ... is properly brought under § 1983" or a *Bivens* action. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

With those principles in mind, the Court finds that Petitioner's claims related to his incident report do not sound in habeas. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Petitioner's challenges to his incident report, however, do not challenge the fact or duration of his custody, *i.e.*, his *conviction or sentence*, as unconstitutional.

Petitioner's sanction did not involve the loss of good-time credits, and consequently, the Petition merely challenges the loss of TRULINCS access, his custody level, and the existence of a sanction on his record, which are circumstances of his confinement. *Cf., Beckley v. Miner*, 125 F. App'x 385, 388 (3d Cir. 2005).

> Stated differently, because a ruling in Petitioner's favor, such as finding that staff violated his due process rights, removing the custody level points, or expunging his disciplinary record "would not alter his sentence or undo his conviction," he cannot proceed by habeas petition. *Leamer*, 288 F.3d at 542; *see, e.g., Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) (explaining that courts should not engage in habeas corpus review of custody classification claims because they do not challenge the validity of a conviction or the length of one's confinement).
>
> With regard to Petitioner's custody level, the Court adds that "prisoners have no constitutional right to a particular classification." *Briley v. Attorney Gen. U.S.*, 632 F. App'x 84, 85 (3d Cir. 2016) (per curiam). Challenges to a person's security designation or custody classification "do not challenge the basic fact or duration of [one's] imprisonment, which is the 'essence of habeas.' " *Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010) (per curiam) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). As a result, this Court lacks jurisdiction under § 2241 to hear Petitioner's custody level related claims.
>
> Accordingly, the Court will dismiss the Petition for lack of jurisdiction, without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court.

(*See* Dkt. No. 5 at 3-4).

On September 7, 2021, Petitioner filed a motion for reconsideration. (*See* Dkt. No. 7).

Petitioner requests reconsideration because he was placed in the Special Housing Unit and not

able to submit anything because F.C.I. Fort Dix staff threw out his incoming and outgoing mail.

(*See id.* at 1).

### III.   LEGAL STANDARD

Local Civil Rule 7.1 allows a party to seek a motion for re-argument or reconsideration of

"matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has

overlooked ...." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See BeLong v. Raymond Int't Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993). Federal Rule of Civil Procedure 59(e) provides that a motion for reconsideration be filed no later than twenty-eight (28) days after the entry of the judgment.

To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). Mere disagreement with the Court's decision is not a basis for reconsideration. *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## IV.   DISCUSSION

At the outset, this Court notes that Petitioner's motion for reconsideration is untimely. Indeed, it was filed well beyond the twenty-eight days permitted under Federal Rule of Civil Procedure 59(e). Despite this untimeliness, given Petitioner's stated reason for why he filed his motion late, this Court will analyze and deny Petitioner's motion on the merits.

Petitioner's motion does not state an intervening change in controlling law. It also does not state new evidence that was not available when this Court previously entered judgment

4

against Petitioner. Finally, Petitioner does not assert the need to correct a clear error of law or prevent manifest injustice. Rather, Petitioner's motion for reconsideration appears solely related to why he filed his motion for reconsideration late. It does not expressly challenge anything in this Court's prior opinion which found this Court lacked jurisdiction over his habeas petition. Thus, the motion will be denied.

## V.      CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration is denied. An appropriate order will be entered.

DATED:  March 28, 2022                                 s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge